

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

JORGE G. TENREIRO
TELEPHONE: (212) 336-9145
EMAIL: TENREIROJ@SEC.GOV

December 12, 2017

**VIA ECF and UPS Overnight**

Hon. Carol Bagley Amon
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    SEC v. PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca, et al.;
              No. 17 Civ. 7007 (CBA)

Dear Judge Amon:

    We represent the Plaintiff, Securities and Exchange Commission (the "Commission"), in the above-referenced matter. We write to inform the Court of certain additional facts discovered following last Friday's telephonic conference (the "December 8 Conference") regarding the issue of whether the Defendant PlexCorps, variously known as PlexCorps, PlexCoin, and Sidepay, is properly subject to suit.[1] We also write to request that the Court enter the attached Proposed Order preliminarily freezing Defendant PlexCorps' assets, which include assets in the name of Sidepay, and preliminarily enjoining Defendant Sidepay from additional violations of the securities laws, pending the outcome of this litigation.

    On December 1, 2017, the Court issued an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "OSC") (DE #10). The OSC, among other things, temporarily froze the assets of Defendants Dominic Lacroix and Sabrina Paradis-Royer (the "Individual Defendants"), as well as of Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca, and temporarily enjoined all Defendants from violations of certain provisions of the federal securities laws. On December 7, 2017, counsel for the Commission and for the Individual Defendants submitted a proposed joint stipulation and order (the "Proposed Order") (DE #18-2) agreeing to, among other things and subject to the Court's approval, extend the applicability of certain orders set forth in the OSC, including the temporary asset freeze and

---

[1] The staff understands that ".ca" is the top level domain extension of Sidepay's Internet address, which represents that the website has connections to Canada.

Hon. Carol Bagley Amon	December 12, 2017
Page 2

the temporary "obey-the-law" injunctions, until the conclusion of the hearing on the OSC at a future date. The Proposed Order was executed by the undersigned as counsel for the Commission and by counsel for the Individual Defendants. The Court "so ordered" the Proposed Order following the December 8 Conference (DE #19).

At the December 8 Conference, however, the Court inquired what effect, if any, the Proposed Order had on Defendant PlexCorps, also known as and doing business as PlexCoin and Sidepay.ca, given that the Proposed Order was not signed by counsel appearing on behalf of that entity. Counsel for the Commission proffered that PlexCorps, PlexCoin, and/or Sidepay are subject to suit, inter alia, as "unincorporated organizations" under Section 2(a)(2) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77b(a)(2). Counsel for the Individual Defendants asserted that PlexCorps was not a suable entity, but rather a concept name, but represented that, to the extent the Individuals Defendants control PlexCorps, they would have PlexCorps comply with the Proposed Order.

Shortly after the December 8 Conference, counsel for the Commission determined that Defendant Paradis-Royer is the sponsor and principal shareholder of an entity known as Sidepay Limited, incorporated in the United Kingdom. One of Ms. Paradis-Royer's bank account statements, submitted previously as Exhibit JJ to the Tutor Declaration dated December 1, 2017 (DE #5), indicates that, during the time in which the Complaint alleges Defendants were raising funds in connection with the PlexCoin ICO, Ms. Paradis-Royer received payments from the payment processor "Square, Inc." (DE #9-41 at page 12). For the Court's convenience, a copy of that account statement is resubmitted herewith as Exhibit A.

Counsel for the Commission subpoenaed records from Square, Inc., and obtained, among other things, a "dossier" (the "Square Spreadsheet") of three accounts opened by the Individual Defendants at Square, between July and September 2017. An electronic copy of the Square Spreadsheet is being submitted hereto on a CD marked as Exhibit B.[2]

The Individual Defendants opened three accounts with the payment processor Square: the first account in the name of "SidePay" (row 2), the second account in the name of PlexCoin (row 741), and a third account in the name of Dominic Lacroix (row 4526). As indicated in the Square Spreadsheet, the "SidePay" account was associated to the website sidepay.ca, to the email address sabrina.paradis@hotmail.fr, and to Ms. Paradis-Royer's home address in Quebec. "SidePay" also provided Square with a certificate of incorporation filed with the Registrar of Companies for England and Wales (the "Registrar") for "Sidepay Limited" dated September 19, 2017, which Square provided to the Commission. A true and correct copy of the certificate of incorporation and other documents that were apparently provided to Square by the Individual Defendants is submitted herewith as Exhibit C. Finally, according to records obtained by the Commission from the Registrar's public website, Ms. Paradis-Royer is the sponsor and principal shareholder of Sidepay. A true and correct copy of the complete Certificate of Incorporation and

---

[2]   Because of the voluminous size of the Square Spreadsheet (which contains over 4,500 rows in Excel), the Commission respectfully requests waiver of the obligation to include a printed courtesy copy of this file, as set forth in Rule 1.D of this Court's Individual Practices.

Hon. Carol Bagley Amon                                                 December 12, 2017
                                                                       Page 3

Application to Register a Company for SidePay Limited located on the Registrar's public website is submitted herewith as Exhibit D. These documents indicate that, at least at the time of their filing, at least one other individual was listed as a director of Sidepay (Exhibit D at 4).

      The Commission respectfully submits that, given the foregoing, and notwithstanding the Individual Defendants' assertion to the contrary, the entity PlexCorps, variously known as PlexCorps, PlexCoin, or Sidepay, is subject to suit.

      Moreover, the Commission respectfully submits that, accordingly, the terms of the OSC are fully applicable to PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca separately and independently from their applicability to the Individual Defendants, and that the temporary orders set forth in the OSC should now be entered against PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca preliminarily during the pendency of this litigation. Counsel for the Commission has served the entity PlexCorps, variously known as PlexCorps, PlexCoin, and Sidepay.ca, as per the terms of Paragraph XIII of the OSC, both by mailing a copy of the OSC and the papers supporting the Commission's filings to sabrina.paradis@hotmail.fr and the other email addresses contemplated in the OSC, as well as by international express mail to the address contemplated in Paragraph XIII of the OSC.[3] However, PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca has not appeared in this litigation by counsel, as it must. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel"). Nor has PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca otherwise complied with the OSC's order that it file a response to the Commission's moving papers on or about December 6, 2017 (OSC at IV), or otherwise showed cause why the temporary restraints imposed by the OSC should not be converted to preliminary injunctions and asset freezes pending the resolution of this litigation pursuant to Rule 65 of the Federal Rules of Civil Procedure (OSC at I).

      Counsel for the Commission therefore respectfully requests that the Court issue an Order, in the form attached hereto, converting the temporary restraints set forth in the OSC into preliminary injunctions as to PlexCorps a/k/a and d/b/a PlexCoin and Sidepay pending the resolution of this litigation. Although Defendant Paradis-Royer, who appears to be Sidepay's principal shareholder, is currently temporarily enjoined from directly or indirectly violating Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder (see OSC at V, VI; Joint Stipulation and Order at 7(a) (DE #19)), that prohibition does not address Sidepay's obligation to refrain from violating Sections 5(a) and 5(c) of the Securities Act (OSC at VII). Moreover, while the Commission's position remains that the Individual Defendants control PlexCorps and/or PlexCoin and/or Sidepay, given that Sidepay is a separately incorporated entity that at least at one point listed as a director an individual other than the Individual Defendants, converting the temporary restraints into preliminary injunctions against the entity specifically is necessary to enjoin the acts of any other individuals who may be

---

[3]    Attached hereto as Exhibits E and F are, respectively, a copy of the email transmitting these documents to the above email address and a copy of the receipt notification email received from UPS respecting the mailing referenced herein.

Hon. Carol Bagley Amon	December 12, 2017
Page 4

empowered to act on behalf of the corporate entities and that are not, unlike the Individual Defendants, currently enjoined themselves.

 Accordingly, given that PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca is a suable entity, in light of the Commission's preliminary showing regarding Sidepay's connection to the allegations set forth in the Complaint, and because PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca, having been properly served, has failed to respond to the OSC, the Court should preliminarily enjoin PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca pending the outcome of this lawsuit.

 Counsel for the Individual Defendants has indicated to the undersigned that the Individual Defendants take no position with respect to this request.

       Respectfully submitted,

       */s/ Jorge G. Tenreiro*

       Jorge G. Tenreiro

Enclosure

cc (via email w/encl.):
 Jason Gottlieb, Esq.
 Allison Khaskelis, Esq.
 (Counsel to Defendants Lacroix and Paradis-Royer)