UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                        :
                    Plaintiff,          :     17 Civ. 7007 (CBA)
                                        :
        - against -                     :     ECF Case
                                        :
PLEXCORPS                               :
(a/k/a and d/b/a PLEXCOIN and SIDEPAY.CA), :
DOMINIC LACROIX and                     :
SABRINA PARADIS-ROYER,                  :
                                        :
                    Defendants,         :
                                        :
------------------------------------------------------------------x

## ORDER GRANTING PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER INTERIM RELIEF

On December 1, 2017, Plaintiff Securities and Exchange Commission (the "Commission") filed the instant action against Defendants PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca (the "Entity Defendant"), Dominic Lacroix ("Lacroix"), and Sabrina Paradis-Royer (with Lacroix, the "Individual Defendants"), alleging securities fraud in violation of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77a et seq.; the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78a et seq.; and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. That day, the Commission filed an emergency application (the "Application") for an order to show cause, temporary restraining order, and asset-freezing order against Defendants, and the Court granted the application, issuing an ex parte Order to Show Cause, scheduling a preliminary injunction hearing to take place on December 12, 2017, and requiring Defendants to respond by December 7, 2017, at 5:00 p.m. Plaintiff duly served the Order to Show Cause on Defendants. On December 8, 2017, the Court granted an extension of the temporary restraining order against the Individual Defendants, who consented, and rescheduled the preliminary injunction hearing to March 5, 2018.

However, the Entity Defendant neither consented to the extension nor responded to the Court's Order to Show Cause; in fact, it has not appeared in the instant action. Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, the temporary restraining order against the Entity Defendant remains in effect for a 14-day period ending December 15, 2017.

Before the Court is the Commission's December 12, 2017, letter motion for preliminary injunction against the Entity Defendant. Normally, the Court applies the test articulated in eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006), to determine whether a preliminary injunction is warranted. See, e.g., Abbott Labs. v. Adelphia Supply USA, No. 15-CV-5826 (CBA), 2015 WL 10906060, at *5 (E.D.N.Y. Nov. 6, 2015). Under the eBay test, which applies to purely equitable injunctions, the movant must establish that (1) the movant likely will succeed on the merits; (2) the movant likely will suffer irreparable harm; (3) the balance of hardships tips in the movant's favor; and (4) the preliminary injunction would not disserve the public interest. See eBay, 547 U.S. at 391; Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005). However, because preliminary injunctions in lawsuits brought by the Commission are "creatures of statute" and not "rooted wholly in the equity jurisdiction of the federal court," the Second Circuit has not required the Commission to prove the elements of the rigid eBay test. See SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 808 (2d Cir. 1975). Instead, the Commission "need only make 'a substantial showing of likelihood of success as to both a current violation and the risk of repetition.'" Smith v. SEC, 653 F.3d 121, 127–28 (2d Cir. 2011) (quoting SEC v. Cavanagh, 155 F.3d 129, 132 (2d Cir. 1998)). A "substantial showing of likelihood of success" is a sliding-scale standard; the Commission "should be obliged to make a more persuasive showing of its entitlement to a preliminary injunction the more onerous . . . the burdens of the injunction it seeks." Id. at 128 (quoting SEC v. Unifund SAL, 910 F.2d 1028, 1039 (2d Cir. 1990)).

To show a violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5, the Commission must show that Defendants "(1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities." SEC v. Pentagon Capital Mgmt. PLC, 725 F.3d 279, 285 (2d Cir. 2013). "The requirements for a violation of Section 17(a) apply only to a sale of securities but in other respects are the same as Section 10(b) and Rule 10b-5, except that 'no showing of scienter is required for the SEC to obtain an injunction under [Section 17] (a)(2) or (a)(3)." Id. (alterations in original) (quoting SEC v. Monarch Funding Corp., 192 F.3d 295, 308 (2d Cir. 1999)). Finally, "to state a cause of action under Section 5 [of the Securities Act], one must show '(1) [the] lack of a registration statement as to the subject securities; (2) the offer or sale of the securities; and (3) the use of interstate transportation or communication and the mails in connection with the offer or sale." Cavanagh, 445 F.3d 105, 111 n.13 (2d Cir. 2006) (quoting Eur. & Overseas Commodity Traders, S.A. v. Banque Paribas London, 147 F.3d 118, 124 n.4 (2d Cir. 1998)).

The Court has considered the exhibits to the letter motion and the filings associated with the Commission's December 1, 2017, Application. Based upon those documents, the Court finds the following:

1. The Commission has made a substantial showing of likelihood of success on the merits of the securities violation; in particular, it likely will demonstrate that the Entity Defendant has violated Sections 5(a), 5(c), and 17(a) of the Securities Act; Section 10(b) of the Exchange Act; and SEC Rule 10b-5.

3

2. The Commission likely will establish that the Entity Defendant participated in a scheme to obtain more than $15 million in proceeds from unlawful activities related to "PlexCoin Tokens," which are investment contracts subject to the Securities Act and Exchange Act.

3. The Commission has made a substantial showing of likelihood of success on the merits with respect to establishing a risk of repetition of the securities violations.

4. Freezing the Entity Defendant's assets is necessary to preserve the status quo and to protect the Court's ability to award relief in the form of disgorgement of ill-gotten gains, prejudgment interest, and civil penalties.

5. The Entity Defendant or its associates likely have contemplated destroying evidence relating to the allegations in the Complaint. An order prohibiting the Entity Defendant or its associates from destroying, altering, or concealing records of any kind—including documents concerning the allegations in the complaint or the assets, finances, or business operations of the Entity Defendant—is necessary to ensure compliance with the asset freeze imposed on the Entity Defendant and to protect the integrity of the instant litigation.

6. The Court likely has subject-matter jurisdiction over the instant action and personal jurisdiction over the Entity Defendant. It is also likely that venue properly lies in the Eastern District.

**NOW, THEREFORE**,

I.

**IT IS HEREBY ORDERED** that the Commission's Motion for a Preliminary Injunction with respect to Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca is GRANTED.

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca; each of its agents, servants, employees, and attorneys; and those persons or entities that are in active concert or participation with it and receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device, scheme or artifice to defraud;

(b) obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca; each of its agents, servants, employees, and attorneys; and those persons or entities that are in active concert or participation with it and receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and SEC Rule 10b-5.

## IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca; each of its agents, servants, employees, and attorneys; and those persons or entities that are in active concert or participation with it and receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined and restrained from, directly or indirectly, singly or in concert, engaging in the offering of unregistered securities or violating Sections 5(a) and 5(c) of the Securities Act by:

(a) without a registration statement in effect as to that security, making use of the means and instruments of transportation or communications in interstate commerce and of the mails to sell securities through the use of means of a prospectus; or

(b) making use of the means and instruments of transportation or communication in interstate commerce and of the mails to offer to sell through the use of a prospectus, securities as to which no registration statement has been filed.

## V.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca; each of its financial and brokerage

institutions, agents, servants, employees, and attorneys; those persons or entities that are in active concert or participation with it and receive actual notice of this Order by personal service or otherwise; and each of them:

    (a) hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurrence of debt) of any assets, funds, or other property (including money; virtual currency or other digital asset, real, or personal property; securities; commodities; choses in action; or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca, whether held in its name or for its direct or indirect beneficial interest, and

    (b) direct each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds, or other property of Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca to hold or retain within his, her, or its control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties (including but not limited to all assets listed on Schedule A and all other assets, funds, or properties) held by, in the name of, or under the control of Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca.

## VI.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca and any person or entity acting at the direction of or on behalf of it, are preliminarily enjoined and restrained from destroying, altering, or

concealing all documents, books, and records (including documents that concern the allegations in the Complaint or PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca's assets, finances, or business operations) that are in the possession, custody, or control of Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca; its respective agents, servants, employees, and attorneys; and those persons or entities that are in active concert or participation with it.

## VII.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's December 12, 2017, letter motion for preliminary injunction be served upon Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca (or an attorney who represents it and agrees to accept service on its behalf) on or before December 15, 2017, by personal delivery; facsimile; overnight courier, international express mail, or first-class mail to it at 355 rue Gaudias-Villeneuve, Quebec City QC G2N 0K8, Canada, and 72 High Street, Haslemere, Surrey GU27 2LA, United Kingdom; to its attorney Jean-Francois Hudon at Hudon Avocats, 417 rue Saint-Pierre, Bureau 700, Monetral QC H2Y 2M4, Canada; or to its agent FK Corporate Services Limited at 72 High Street, Haslemere GU27 2LA, United Kingdom; or email at account@plexcoin.com, doom.lacroix@hotmail.com, or sabrina.paradis@hotmail.fr with a request for a "read receipt."

The Order shall be binding upon Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca (and each of its officers, agents, servants, employees, and attorneys) when it is properly served pursuant to this Order. The Order shall be binding upon any person or entity in active concert or participation with Defendant PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca when the person or entity receives actual notice of this Order by personal service or otherwise.

**SO ORDERED.**

Dated: December 14, 2017
Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　/s/ Carol Bagley Amon
　　　　　　　　　　　　　　　　　　　　　Carol Bagley Amon
　　　　　　　　　　　　　　　　　　　　　United States District Judge

# Schedule A

| Financial Institution | Account Name |
|---|---|
| Stripe | Account with owner email address doom.lacroix@hotmail.com |
| Stripe | Account with owner email address sabrina.paradis@hotmail.fr |
| Stripe | Account with owner email address account@plexcoin.com |
| Ethereum Blockchain Address | 0x722fd3bd3f5156e5fc352e1f211173e5f7732cef |
| Ethereum Blockchain Address | 0x2576ba9bb62e75dcd3eb6ca880bc126c435fff1f |
| Bitcoin Blockchain Address | 1HJiV9emxcJmLXyk47HBqXeP2BeRZVPEzi |
| Square | Account in the name of "Sidepay," which has "LEGACY ID" # 30174265 |
| Square | Account in the name of "PlexCoin," which has "LEGACY ID" #29035035 |