**MorrisonCohen**LLP

Jason P. Gottlieb
Partner
(212) 735-8837
jgottlieb@morrisoncohen.com

December 21, 2017

**VIA E-FILING**

The Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>SEC v. PlexCorps, et al.</u>; No. 17-cv-7007 (CBA-RML)

Dear Judge Amon:

    This firm represents defendants Dominic Lacroix and Sabrina Paradis-Royer, and possible defendant Sidepay Ltd.,[1] in the above-captioned case. We write this pre-motion letter pursuant to the Court's Individual Motion Practices and Rules, Section 3, in advance of a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and to stay this Court's pending discovery orders until defendants' motion to dismiss is decided.

    As defendants' motion will detail, the SEC has engaged in a tremendous overreach, toward persons who are not subject to personal jurisdiction in this judicial district, and toward transactions that are excluded from regulation under U.S. federal securities laws under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). Given this jurisdictional overreach, the SEC's discovery requests in support of its temporary restraining order should be adjourned pending the disposition of defendants' motion to dismiss.

    **1.    This Court does not have personal jurisdiction over the defendants.**

    The individual defendants, Mr. Lacroix and Ms. Paradis-Royer, are Canadian residents. It is alleged that these two Canadians were working in Canada to help launch "Plexcoin" – which is, like Bitcoin, a decentralized, blockchain-based cryptocurrency. (Sidepay Ltd. is a U.K. entity affiliated with the project.)

---

[1]    The SEC has named as a defendant "Plexcorps (a/k/a and d/b/a Plexcoin and Sidepay.ca)." To the best of defendants' knowledge, "Plexcorps" is not an entity but rather a project name, and "Plexcoin" is the name of a cryptocurrency. "Sidepay.ca" is apparently a Canadian website affiliated with a U.K. entity called Sidepay Ltd., which is in turn affiliated with the individual defendants. The complaint does name Sidepay Ltd. as a defendant, nor allege a connection between Sidepay Ltd. and "Sidepay.ca," although the SEC has asserted they are related. *See* Dkt #21 (letter-motion from SEC).

    The undersigned counsel will also file an appearance for Sidepay Ltd., and (while reserving on other issues), will move for dismissal on its behalf on the same jurisdictional and *Morrison* grounds detailed herein, to eliminate doubt that all defendants are moving for dismissal.

The Honorable Carol Bagley Amon										Page 2
December 21, 2017

The SEC does not allege that defendants ever set foot in the U.S., or had a single discussion, phone call, email, or text message directly with any person in the U.S. in connection with their efforts. While the SEC alleges that defendants created websites on which U.S. persons could view information about Plexcoin, or allowed transactions for Plexcoin in U.S. dollars, courts have repeatedly ruled that these factors are insufficient for personal jurisdiction.

The SEC's main "hook" for jurisdiction is that some individuals residing in this district allegedly acquired Plexcoin. However, as the SEC knows (or has reason to know), defendants specifically attempted to <u>exclude</u> U.S. persons from participating in Plexcoin transactions by having would-be purchasers confirm that they were not a U.S. citizen, and were not purchasing on behalf a U.S. citizen. Thus, in order for a U.S. person to obtain Plexcoin, that person would have to lie, misrepresent their status as a U.S. person, and thus make payments to non-U.S. entities to acquire a non-U.S.-domiciled cryptocurrency through a transaction consummated outside the U.S. The SEC's complaint is devoid of factual allegations to support a conclusion that defendants' actions would have an unmistakably foreseeable effect within the Eastern District of New York, or that such effect could reasonably be expected to be visited upon investors here. Thus, there is no personal jurisdiction over the defendants in this district.

**2.   The federal securities laws do not reach the transactions in question, as they are not "domestic transactions" under the Supreme Court's rule in *Morrison*.**

Even assuming for this motion that the transactions at issue in the complaint were transactions in securities – which will be a major area of dispute in this case if it survives a motion to dismiss, as Plexcoin is not a security – the SEC pleads no facts that suggest the transactions were <u>domestic transactions</u> as required under the Supreme Court's landmark *Morrison* decision.[2]

The "sellers" were in Canada. The entities that allegedly received funds from the U.S. were non-U.S. entities. Funds were payable by credit cards, bitcoin, ethereum, or litecoin – the latter three being decentralized cryptocurrencies with no fixed U.S. locus. The Plexcoin that was provided in exchange was developed abroad, built on a decentralized internet exchange protocol with no U.S. locus, and was issued from computers located outside the U.S. The SEC has not alleged, and could not allege, that "irrevocable liability" was incurred in the U.S., or that title transferred in the U.S., as required under *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings*, 763 F.3d 198, 215 (2d Cir. 2014), and *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 62 (2d Cir. 2012).

In short, the only factor even remotely suggesting that the acquisition of Plexcoin is a "domestic transaction" is the allegation that certain investors resided here. (Or, at least, provided physical U.S. addresses to their credit card payment processors, since it is entirely

---

[2]   In some other cases, the SEC has argued that the *Morrison* rule does not apply to actions brought by the SEC. Should the SEC make that assertion in its response to this letter, defendants will address it in full in the initial brief on the motion to dismiss.

The Honorable Carol Bagley Amon  Page 3
December 21, 2017

unclear where they may have been when they transacted for Plexcoin.)  Courts have made clear that the mere fact that a U.S. person purchased a security is not enough to make the transaction a "domestic transaction" within the reach of the federal securities laws.  And district courts routinely dismiss cases where the plaintiff does not adequately plead that the transactions are "domestic."  The same result is appropriate here.

### 3. Discovery relating to the ex parte asset freeze should be stayed pending disposition of this motion.

The ex parte TRO obtained by the SEC includes a broad document request, deposition order, sworn accounting order, and orders for the two Canadian individuals to turn over many of their assets to this Court.  The SEC's extraordinary overreach has ignored not one, but three international memoranda of understanding with Canadian securities authorities.

The individual defendants thus face a stark choice:  either surrender their U.S. and Canadian procedural rights regarding discovery; or, decline to participate on jurisdictional grounds, which risks that these overbroad requests will convert into preliminary injunctions for the remainder of this case (and potentially risks the ire of this Court).  Defendants face this choice before any regularly ordered discovery and concomitant objections, before they have had an opportunity to take discovery from the SEC or third parties, and before the SEC's evidence has been tested in any way.

If this case is dismissed as it should be, these orders will be dissolved.  In the interim, however, the TRO-related discovery requests should be stayed.  If this Court does decide to dismiss, the conservation of judicial resources alone would constitute good cause to stay discovery in the interim.  The SEC will not be prejudiced by any such stay.  Defendants' motion will not ask for the TRO to be lifted, which defendants concede at this point would require a broader evidentiary showing.  Defendants will merely ask for the schedule entered by Order of December 8, 2017 (specifically paragraphs 1-6) to be adjourned *sine die* during the pendency of the motion to dismiss.

Respectfully submitted,

/s/ Jason P. Gottlieb

Jason P. Gottlieb

cc:  Securities and Exchange Commission (via ECF)