FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 2 - 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SEC,

                    Plaintiff,

  - against -

PLEXCORPS a/k/a and d/b/a PLEXCOIN and
SIDEPAY.CA, et al.,

                    Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CV-07007 (CBA)

**AMON, United States District Judge:**

The Securities and Exchange Commission (the "SEC"), along with Defendants Dominique Lacroix ("LaCroix"), Sabrina Paradis-Royer ("Paradis-Royer," together with Lacroix, the "Individual Defendants"), and PlexCorps a/k/a and d/b/a PlexCoin and Sidepay.ca ("PlexCorps") (collectively, "Defendants"), move for approval of a proposed final judgment. For the reasons stated below, the final judgment is APPROVED.

## BACKGROUND

On December 1, 2017, the SEC filed an emergency action to "stop Defendants' dissemination of a series of material[ly] false and misleading statements, and misappropriation of investor assets, in connection with the illegal offering through the [Initial Coin Offering] for unregistered securities known as PlexCoins." (D.E. # 112 at 1 (citing D.E. # 1 ("Compl.") ¶¶ 1–2, 5–6, 17–19, 93–125).) The Complaint alleged that Lacroix and PlexCorps had raised approximately $15 million through the unregistered sale of PlexCoins and made a series of materially false and misleading statements to potential and actual investors. (Compl. ¶¶ 80–87.) The Complaint further alleged that Paradis-Royer aided and abetted Lacroix and PlexCorp's scheme. (Id. ¶148.) On December 1, 2017, this Court issued orders freezing Defendants' assets

1

in the United States ("U.S. Frozen Assets"). (D.E. # 10.) On February 25, 2019, the SEC filed an amended complaint alleging that Lacroix and PlexCorps misstated the amount of money raised during the PlexCoin Initial Coin Offering ("ICO"), alleging that it was actually $8.3 million, rather than the $13 million Defendants claimed. (D.E. # 107 ("Am. Compl.") ¶ 14.) The amended complaint also alleged that Defendants had misappropriated at least $600,000 of investor proceeds from the PlexCoin ICO for personal expenses. (Id. ¶15.) Both complaints allege violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. (Compl. ¶¶ 14–15; Am. Compl. ¶¶ 18–19.)

On August 12, 2019, the SEC informed the Court that the parties had reached a settlement and requested the Court's approval of a series of proposed judgments, attaching consents of each Defendant. (D.E. # 112.) The terms of the consent judgments are, in sum and substance, as follows: (1) a permanent injunction against Defendants from committing future securities law violations; (2) an order for Defendants to pay disgorgement and prejudgment interest in the amount of $4,563,468.62 and $348,145.25; (3) an order for the Individual Defendants to pay civil penalties of $1 million each; (4) an order barring LaCroix from acting as an officer or director of a public company; (5) an order barring the Individual Defendants from offering digital securities; (6) an order allowing the SEC to establish a "Fair Fund" to hold civil penalties, disgorgement, and prejudgment interest for distribution to victims; (7) an order that the asset custodians transfer the U.S. Frozen Assets to the SEC for distribution to investors; and (8) "orders that Defendants not oppose any action by the SEC to enforce or collect the final judgment against any assets belonging to Defendants, including assets frozen by orders of Canadian tribunals with respect to this matter." (D.E. # 112, 112-1.)

On September 3, 2019, the Court held a hearing on the proposed judgment and ordered letter briefing from the SEC on the SEC's discretion related to Fair Funds. The SEC submitted that letter on September 6, 2019, by which it also renewed its request "that the Court 'so order' the Proposed Consent Judgment." (D.E. # 114.)

## DISCUSSION

When a proposed consent judgment involves an enforcement agency, district courts must review the proposal and determine whether it is "fair and reasonable," with the added requirement that "the public interest would not be disserved," if injunctive relief is involved. See SEC v. Citigroup Global Mkts., Inc., 752 F.3d 285, 294 (2d Cir. 2014). In evaluating the proposed judgment, the district court should examine "(1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." Id. at 294–95 (citations omitted).

This Court has heard from counsel for both parties in person on the record and has reviewed the terms of the judgment in light of the Citigroup factors. Based on the foregoing, it is satisfied that the final judgment should be approved. The Court retains jurisdiction to evaluate any distribution plan that arises from the establishment of the Fair Fund.

## CONCLUSION

The Clerk of Court is directed enter the enclosed judgment against all Defendants and to close the case.

SO ORDERED.

Dated: October 1, 2019
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge