**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★  OCT 2 - 2019  ★

BROOKLYN OFFICE

---------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                                Plaintiff,

                     - against -

PLEXCORPS
(a/k/a and d/b/a PLEXCOIN and SIDEPAY.CA),
DOMINIC LACROIX, and
SABRINA PARADIS-ROYER,

                           Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

17 Civ. 7007 (CBA) (RML)

**ECF Case**

---------------------------------------------------------------------x

### FINAL JUDGMENT AS TO DEFENDANTS DOMINIC LACROIX, SABRINA PARADIS-ROYER, AND PLEXCORPS

The Securities and Exchange Commission having filed an Amended Complaint and

Defendants Dominic Lacroix ("Lacroix"), Sabrina Paradis-Royer ("Paradis-Royer"), and

PlexCorps (collectively, "Defendants") having acknowledged being served with the Amended

Complaint and entered a general appearance; and having consented to the Court's jurisdiction

over Defendants and the subject matter of this action, consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph XI), waived findings of fact and conclusions of

law, and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in
connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact
        necessary in order to make the statements made, in the light of the circumstances
        under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would
        operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendants are permanently restrained and enjoined from violating Section 17(a) of the
Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any
security by the use of any means or instruments of transportation or communication in interstate
commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact
        or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;
or

(c)     to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in
Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who
receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants'
officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or
participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendants Lacroix and PlexCorps are permanently restrained and enjoined from violating
Section 5(a) and Section 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in
the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any
means or instruments of transportation or communication in interstate commerce
or of the mails to sell such security through the use or medium of any prospectus
or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to
be carried through the mails or in interstate commerce, by any means or
instruments of transportation, any such security for the purpose of sale or for
delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants

Lacroix's and PlexCorps' officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Defendants Lacroix or PlexCorps or with anyone

described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)], Defendant Lacroix is prohibited from acting as an officer or director of any

issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

U.S.C. § 78o(d)].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants Lacroix and Paradis-Royer

are prohibited from engaging in any offering of digital securities.

4

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are

jointly and severally liable for disgorgement of $4,563,468.62, representing certain profits

gained as a result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $348,145.25, for a total of $4,911,613.87. Defendant Lacroix is liable

for a civil penalty in the amount of $1,000,000. Defendant Paradis-Royer is liable for a civil

penalty in the amount of $1,000,000. These penalties are each assessed pursuant to Section

20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15

U.S.C. § 78u(d)(3)].   Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, a Fair Fund

is created so that collected civil penalties can be combined with collected disgorgement and

prejudgment interest for distribution in this matter (the "PlexCorps Fair Fund").

Defendants shall satisfy the obligation of disgorgement and prejudgment interest by

paying $4,911,613.87, and Defendants Lacroix and Paradis-Royer shall further satisfy their

obligations to pay civil penalties by each paying $1,000,000, all within 30 days after entry of this

Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

The payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Amounts collected shall be applied to civil penalty, disgorgement, and prejudgment interest, in that order, except that collections from sources outside of the United States shall solely be applied to satisfy disgorgement and prejudgment interest.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the PlexCorps Fair Fund and may propose a distribution plan subject to the Court's approval. If the Commission staff determines that the PlexCorps Fair Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether a Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he, she, or it is entitled to, nor shall he, she, or it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order

granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount

of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.

Such a payment shall not be deemed an additional civil penalty and shall not be deemed to

change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this

paragraph, a "Related Investor Action" means a private damages action brought against any of

the Defendants by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

VII.

IT IS ORDERED, ADJUDGED, AND DECREED that within 3 days after being served

with a copy of this Final Judgment, **Payward, Inc.**, and **Square Inc. Canada,** or their

subsidiaries, shall transfer to the Commission the entire balance held in the following accounts,

and Stripe, Inc. or its subsidiaries shall itself transfer or instruct Wells Fargo to transfer to the

Commission all funds held in the following accounts, which were frozen pursuant to an Order of

this Court, to be applied toward the penalties ordered herein:

| Entity | Acct. Number or Identifying Information: |
|---|---|
| Square Inc., Canada | User ID: 30174265 |
| Square Inc., Canada | User ID: 29035035 |
| Payward, Inc. | xxxx-xxxx-xxxx-Y6DI |
| WFMS USD FBO Stripe CA Merchants -5740 | |
| WFMS CAD FBO Stripe CA Merchants -9952 | |
| All funds held in a settlement account by Stripe, Inc. or its subsidiaries that are derived from transactions processed by persons doing business as "PlexCoin," using the Url of https://www.plexcoin.com, and/or the Owner Email Address of account@plexcoin.com. | |

**Payward, Inc., Square Inc. Canada, Stripe, Inc.,** and **Wells Fargo** may transmit payment to the Commission electronically and the Commission will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

The payment shall be accompanied by a cover letter setting forth the name of the payee, the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to the Final Judgment. **Payward, Inc., Square Inc., Canada, Stripe, Inc.,** and **Wells Fargo** shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendants knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendants, petition the Court for an order requiring Defendants to pay an additional civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Judgment, this Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the

Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the Commission may take discovery, including discovery from appropriate non-parties.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in any action by the Commission to enforce or collect upon this Final Judgment against any assets belonging to the Defendants or over which Defendants have any claim, interest, or property right recognized by applicable law, including but not limited to the assets listed in paragraph VII above and Appendix A hereto (the "Covered Assets"), and expressly including assets held outside the United States, Defendants agree to cooperate, not oppose or object, and support and provide the Commission with any documents, including any signed agreement, consents, or releases, to enforce or collect upon this Final Judgment against such Covered Assets, and, for the avoidance of doubt, as Defendants have explicitly relinquished any property or other legal interest with respect to any funds or assets recovered by Emmanuel Phaneuf from the firm Raymond Chabot Administrateur Provisoire Inc. in the AUTORITÉS DES MARCHÉS FINANCIERS v. DOMINIC LACROIX, et al., No.: 200-11-025040-182, matter filed in Superior Court in Quebec Canada (the "Receiver") and those funds or assets frozen or to be frozen by way of freeze orders rendered by the Tribunal administratif des marchés financiers ("TMF") in connection with the subject matter of this action, Defendants agree to not interfere with any possible upcoming distribution proceedings to be undertaken by the Commission, the Receiver, the Autorité des marchés financiers in Québec, or by order of this Court. The full surrender and disgorgement of

all of the assets described in Appendix A to the Receiver shall satisfy the Defendants' obligation to pay disgorgement and prejudgment interest ordered herein up to the value of such assets at the time of surrender to the Receiver.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants Lacroix and Paradis-Royer, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants Lacroix and Paradis-Royer under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants Lacroix and Paradis-Royer of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _October 1, 2019_

s/Carol Bagley Amon
UNITED STATES DISTRICT JUDGE

# APPENDIX A

For purposes of Paragraph IX, "Covered Assets" means any funds or assets recovered by Emmanuel Phaneuf from the firm Raymond Chabot Administrateur Provisoire Inc., the duly appointed receiver in the AUTORITÉS DES MARCHÉS FINANCIERS v. DOMINIC LACROIX, et al., No.: 200-11-025040-182, matter, filed in Superior Court in Quebec, Canada, as well as any assets held at the following institutions and in the following account numbers:

| FINANCIAL INSTITUTION | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
| --- | --- |
| CIBC Bank | XX-X5332 |
| Kraken | XX-DYVA |
| Kraken | XX-VYNI |
| Kraken | XX-UASA |
| Kraken | XX-MDNA |
| PayPal | XXXXXXXXXXXXXXX2722 |
| RBC Bank | XXXXX-XXX6912 |
| RBC Bank | XXXXX-XXX4189 |
| Satoshi Portal/Bylls | All Accounts associated with User Number 4732 |
| Satoshi Portal/Bylls | All Accounts associated with User Number 7513 (including but not limited to #34851, #34852, and #34853) |
| Satoshi Portal/Bylls | All Accounts associated with User Number 4476 |
| Square | XX-8076 |
| Stripe | XX-0086 |
| Stripe | XX-4189 |
| Stripe | XX-6912 |
| Tangerine Bank | XX-5593 |
| Tangerine Bank | XX-7453 |
| Tangerine Bank | XX-3834 |
| Tangerine Bank | XX-0764 |
| Tangerine Bank | XX-9805 |
| Tangerine Bank | XX-5929 |
| Tangerines Bank | XX-5593 |
| Wave | User Id: XX-ca62 |