UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

JORGE G. TENREIRO
TELEPHONE: (212) 336-9145
EMAIL:  TENREIROJ@SEC.GOV



January 2, 2020

**Via ECF and UPS Overnight**

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  SEC v. PlexCorps a/k/a and d/b/a PlexCoin and Sidpay.ca, et al.,
      <u>No. 17 Civ. 7007 (CBA)</u>

Dear Judge Amon:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully writes to update the Court on the status of the disposition of the assets collected in the United States in this matter (the "U.S. Assets"), including as it relates to the letter to the Court from Skip Shapiro, dated December 6, 2019 (D.E. 117).  The SEC anticipates that, upon completion of the distribution plan approval process in Canada, described below, the SEC will file a motion with this Court recommending a course of action with respect to the U.S. Assets (the "Disposition Motion").

  As background, there are ongoing, related proceedings in Superior Court in Quebec, Canada (the "Canadian Proceedings"),[1] in which a Receiver has been appointed to collect and administer certain digital assets of, or controlled by, defendant Dominic Lacroix ("Lacroix").  On or about November 4, 2019, the Receiver filed a proposed distribution plan (the "Proposed Plan") for consideration by the Superior Court.  The SEC reviewed and provided comments to the Receiver on the Proposed Plan prior to its filing, some of which resulted in adjustments to the Proposed Plan as filed with the Superior Court.  The Proposed Plan has since been published by the Receiver on its public website.[2]

---

[1] *AUTORITÉS DES MARCHÉS FINANCIERS v. DOMINIC LACROIX, et al*., No.: 200-11-025040-182, Superior Court, Quebec, Canada.

[2] https://www.raymondchabot.com/en/companies/public-records/dominic-lacroix/

Hon. Carol Bagley Amon  January 2, 2020
Page 2

  Following the entry of the final judgment in this matter (D.E. 116), the entities that the Court directed to turnover assets formerly belonging to Lacroix have done so, resulting in the SEC collecting approximately $1.4 million as U.S. Assets.  The SEC is considering recommending to this Court that the U.S. Assets be sent to the Receiver to effect one, single distribution to harmed investors.  Prior to making such a recommendation, the SEC is ascertaining whether the Proposed Plan, and the accompanying claims process, is fair and reasonable and whether investors would be better served by one distribution as opposed to a second, separate distribution in the United States.  To this end, with the cooperation of the Receiver, the SEC has been monitoring and, as an interested party recognized by the Superior Court, participating in the Canadian Proceedings.

  On November 20, 2019, in order to provide investors an opportunity to consider the SEC's participation in a single, coordinated distribution through the Proposed Plan, the SEC sent notice of the possibility of a coordinated distribution, including links to the Receiver's public website and the English translation of the Plan (the "Notice").  The Notice was sent to more than 91,000 possible PlexCoin investors, by electronic mail and by UPS, using pre-PlexCoin ICO registration data obtained from Defendants' seized computers.[3]  In the Notice, the SEC provided U.S. investors with the opportunity to comment on and object to the coordination of distribution and, through such objection, to the Proposed Plan.[4]  The SEC also established a public webpage for this matter.[5]

  In response to the Notice, the SEC has received inquiries about the claims process from investors worldwide, responded to those inquiries individually, and maintained a contact list.  The SEC has sent the list of investors that have contacted the SEC, and their contact information, to the Receiver, to ensure that the responding investors are included in any claims process.

  To date, the SEC has received only two formal objections, neither from Mr. Shapiro, who has not availed himself of the objection mechanism set forth in the Notice.  The first objecting investor communicated concerns that investors in U.S. currency would be prejudiced by any distribution given the U.S.-to-Canadian-dollar exchange rate.  After consulting with the Receiver, the SEC responded to this investor, confirming that adjustments for the exchange rate would be part of the distribution calculations.  The second objecting investor voiced the concerns set forth in Mr. Shapiro's letter, namely concerns as to the cost of the Receiver and the Proposed Plan's limitation of claims to only those equal to or greater than $CAN 250.  With respect to the Receiver's fees, the Quebec securities regulator, the Autorité des Marchés Financiers (the

---

[3] https://www.sec.gov/divisions/enforce/claims/plexcorps.htm.

[4] The SEC directed the Notice to more than 91,000 individuals and entities worldwide who had provided their email address to PlexCorps as parties interested in the initial coin offering, regardless of their nationality or domicile.  However, the SEC staff limited the objection process to U.S. residents and citizens due to practical concerns, given the SEC staff's limited ability to promptly review and respond to (possibly) thousands of objections.

[5] https://www.sec.gov/divisions/enforce/claims/plexcorps.htm.

Hon. Carol Bagley Amon  January 2, 2020
Page 3

"Autorité"), reviews fee petitions before they are submitted for approval to the Superior Court—a process similar to that conducted by the SEC for receivers appointed in enforcement actions in U.S. courts. Moreover, if and when U.S. Assets from this matter are sent to the Receiver, the SEC staff will review the fee petitions prior to approval by the Superior Court. With respect to the $250 limitation in the Proposed Plan, the Receiver has informed the SEC staff that it has been set based on a cost-benefit analysis of, among other things, the cost of claims review in a digital asset matter and that its basis has been challenged and will be justified by the Receiver to the Superior Court in connection with the Receiver's request for approval of the Plan. The SEC has since responded to this objector and continues to monitor the Canadian Proceedings to confirm that the Superior Court actually considers the objection. The SEC anticipates that its Disposition Motion will address the substance of all objections, including the two the SEC has received to date, and the SEC's responses thereto.

Finally, Mr. Shapiro's letter references the Superior Court's denial of the request made by the group calling itself the "Ad Hoc Committee of Investors of PlexCoin" (the "Committee") for the payment of its attorneys' fees from the funds collected by the Receiver. In its petition to the Superior Court, the Committee requested that the Superior Court (1) appoint the Committee to represent the interests of (and advocate for) all PlexCoin investors, (2) appoint a particular law firm as the Committee's counsel, and (3) permit that law firm's reasonable professional fees and disbursements in the matter to be paid by the Receiver from recovered assets. *See* Exhibit A, ¶ 14. The SEC participated in the hearing on this application through its local counsel. As the Superior Court observed, the SEC did not contest the first two parts of the request—the opportunity for this group of investors to be heard by the Superior Court through its chosen counsel. *Id.* ¶ 15.

However, as observed in Mr. Shapiro's letter, the SEC, joined by the Receiver and the Autorité, objected to the payment of the Committee's legal fees from the assets available for distribution. Losses in this matter exceed $8 million and, and even if the SEC recommends and the Court approves that the U.S. Assets be transferred to the Receiver, the Receiver will likely have less than $5 million to distribute. Accordingly, reduction of administrative fees is important to maximize the distribution to harmed investors and is a primary reason the SEC is considering a single, coordinated distribution. In anticipation of one, consolidated distribution, the SEC is participating in the Canadian Proceedings matter at this stage to ensure that the Proposed Plan and the claims process fairly and reasonably distribute collected assets to harmed investors. Similarly, as found by the Superior Court, the Autorité and the Receiver are acting for the benefit of investors. *See id.* ¶ 32 (the Autorité and the Receiver acted for the benefit of investors; the court does not consider that members of the Committee or other ICO investors are vulnerable). As the Superior Court found: "It is one thing to allow representation of the Committee but a different one to duplicate the use of the funds to satisfy its costs." *Id.* ¶ 133.

Moreover, the Committee represents a small percentage of investors—less than 5% of the total number of investors. *Id.* ¶ 11. Allowing payment of legal fees for a small fraction of investors would open the door for like requests and quickly exhaust the limited funds available

Case 1:17-cv-07007-CBA-RML   Document 118   Filed 01/02/20   Page 4 of 4 PageID #: 7797

Hon. Carol Bagley Amon  January 2, 2020
Page 4

for distribution.  *Id.* ¶ 33 (if the Superior Court allows the funding of the Committee, it would open the door to other groups or potential stakeholders).

      The SEC is providing the foregoing information in anticipation of the Disposition Motion and to provide a complete picture surrounding the latest filing (D.E. 117) with this Court.  The undersigned is available to answer any questions the Court may have regarding the foregoing.

      Respectfully submitted,

      */s/ Jorge G. Tenreiro*

      Jorge G. Tenreiro

cc (via ECF):  Jason Gottlieb, Esq.